CITIZENS STATE BANK OF
CORYDON, Iowa, Appellee,

v.

CENTRAL SAVINGS ASSOCIATION,
CHARITON, Iowa, Appellant.

No. 60585.

Supreme Court of Iowa.

June 28, 1978.

Richard D. Morr, of Morr & Shelton, P. C., Chariton, for appellant.

Roy W. Meadows, of Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellee.

Considered by MOORE, C. J., and RAWLINGS, LeGRAND, HARRIS, and McCORMICK, JJ.

HARRIS, Justice.

This suit involves a jurisdictional question under the Iowa administrative procedure Act. Because appeal is from an order of the trial court overruling a special appearance it is interlocutory. No permission for an interlocutory appeal was sought or granted under rule 2, Rules of Appellate Procedure. Accordingly we are obliged to dismiss the appeal.

Central Savings Association of Chariton, Iowa (CSA) wished to open a branch office in Corydon, Iowa. Pursuant to § 534.3, The Code, CSA sought permission of the executive council to do so. Over the protest of three banks, including the plaintiff Citizens State Bank of Corydon, Iowa, the executive council on September 24, 1976 granted permission for the branch office.

This declaratory judgment action was filed October 15, 1976 seeking judgment declaring the action of the executive council null and void for the reason it was not based on statutory authority. CSA was not made a party to the action and received no notice of it. On January 28, 1977, CSA filed a special appearance alleging, under § 17A.19(2), The Code, it should have been timely served [1] with a copy of the petition. The special appearance pointed out the

---

1. The section provides in part: " * * * Within ten days after the filing of a petition for judicial review file stamped copies of the petition shall be mailed by the petitioner to all parties named in the petition and, if the peti- tion involves review of agency action in a contested case, all parties of record in that case before the agency. Such mailing shall be jurisdictional * * *."

mailing, as to the parties required, is jurisdictional.

The parties dispute whether CSA was a party of record in the proceeding before the executive council and whether this action involves review of an agency action in a contested case. The special appearance was overruled. CSA brought this appeal without seeking or obtaining permission for an interlocutory appeal under rule 2, R.Ap.P.

 I. In order for a trial court ruling to be final it must be decisive of the case. *Simpson v. Low-Rent Housing Agcy. of Mount Ayr*, 224 N.W.2d 624, 631 (Iowa 1974) and authorities. The trial court's ruling was not decisive of this case. We have many times pointed out we have no jurisdiction to entertain an appeal where there has been no final judgment entered and no permission has been granted to appeal from an interlocutory ruling. *Helland v. Yellow Freight System, Inc.*, 204 N.W.2d 601, 604 (Iowa 1973).

Under rule 66, Rules of Civil Procedure, where a special appearance is erroneously overruled a defendant may plead to the merits and proceed to trial without waiving the error. CSA argues its right to proceed to trial without waiving error afforded it no protection in view of its position in the suit. It suggests its challenge to jurisdiction would have lost its foundation upon intervention in the suit. We need not speculate on the merits of this argument. If we assume it to be valid, it amounts only to grounds which would have supported the granting of permission for an interlocutory appeal.

The rule which makes permission a jurisdictional requirement for an interlocutory appeal may seem, superficially, to be harsh. But the reasons for the rule are sound and, we think, obvious. Great harm would result to litigants under a system which tolerated indiscriminate appeals from each and every adverse ruling. By carefully regulating the bringing of interlocutory appeals we can contribute toward an orderly trial process and at the same time allow for those rare situations in which in interests of justice call for review of a trial court ruling

prior to completion of the litigation at trial level.

It is sometimes suggested we should claim jurisdiction and proceed with a review on an *ad hoc* basis in cases where we believe we would have granted permission if requested. However the rule is clear we have no jurisdiction to do so. And again we believe the basis for the rule is sound. Litigants, whatever their other difficulties, have at least the comfort of knowing they will not be put to the expense, or threat of the expense, of repeated, permissive appeals.

Because CSA brought an appeal from an interlocutory order without permission we are without jurisdiction to consider the merits of the appeal.

APPEAL DISMISSED.