**Ethel STOCKBURGER; and Cecil Stock-
burger, Appellant, Plaintiffs,**

v.

**Lavern ROBINSON; and the City of
Merrill, Iowa, Appellee, Defendants.**

No. 61425.

Supreme Court of Iowa.

Oct. 18, 1978.

Thomas L. Staack of Mosier, Thomas, Beatty, Dutton, Braun & Staack, Waterloo, for appellant.

James W. Redmond of Gleysteen, Harper, Eidsmoe & Heidman, Sioux City, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, REES, UHLENHOPP and HARRIS, JJ.

REYNOLDSON, Chief Justice.

November 1, 1975, Ethel Stockburger, a pedestrian on a Merrill, Iowa, street, was

allegedly injured when struck by a vehicle owned and operated by Lavern Robinson. She and her husband, Cecil, commenced this four-count negligence action against Robinson and the City of Merrill.

In count I of the petition Ethel alleged Robinson was driving negligently when he struck her. In count II she alleged in various particulars the City's negligence with respect to the street. Count III was Cecil's cause of action against Robinson, count IV his cause against the City. Both asserted the same negligence grounds as Ethel's counts I and II, respectively. Cecil's counts were grounded on loss of consortium.

The City moved to dismiss plaintiffs' counts against the municipality for untimely notice under § 613A.5, The Code 1975. Resisting the motion, plaintiffs submitted affidavits designed to show (1) incapacitation of both plaintiffs to meet the statutory exception to the 60-day notice requirement and (2) mailing of the claim notice on December 29, 1975. The notice apparently was delivered by certified mail on January 3, 1976.

Trial court, overruling the motion to dismiss as to Ethel, observed "she may be able to prove that she was * * * incapacitated." The motion was sustained as to Cecil's count IV (against the City) because he "was not apparently subject to the same incapacity" and because "the mere mailing of the notice within the statutory time" does not toll the 60-day notice requirement.

Cecil filed notice of direct appeal to this court.

■ I. We first consider whether trial court's ruling may be reviewed as a final order. No application was made to appeal from an interlocutory ruling. Although neither party briefs this issue, finality of the order appealed from is always examined by the court because it is jurisdictional. Rule 1, Rules of Appellate Procedure; *Citizen's State Bank v. Central Sav. Ass'n*, 267 N.W.2d 33, 34 (Iowa 1978).

■ II. After carefully considering Cecil's loss of consortium claim against the City, we have concluded it is "dependent upon or intertwined with" Ethel's claim against the same defendant. See *Swets Motor Sales, Inc. v. Pruisner*, 236 N.W.2d 299, 303 (Iowa 1975). The determination of issues remaining in the case could affect the final resolution of the issues between Cecil and the City. For example, if Ethel proves negligence and proximate cause in obtaining a favorable judgment, Cecil, assuming no other legal constraints, would need only to prove his injury and damages. As a matter of first impression, this test from *McGuire v. City of Cedar Rapids*, 189 N.W.2d 592, 597 (Iowa 1971) is applicable in this situation involving multiple plaintiffs.

For the above reasons, we do not view the ruling appealed from as a final decision. It follows we have no jurisdiction to proceed and must dismiss the appeal.

APPEAL DISMISSED.