**IN THE COURT OF APPEALS OF IOWA**

No. 14-1025
Filed December 24, 2014

**IN THE INTEREST OF Z.F., C.F., R.F., AND T.F.,**
**Minor Children,**

**B.F., Father,**
**Appellant,**

**C.F., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Linn County, Susan F. Flaherty, Associate Juvenile Judge.

Two parents appeal from a mandatory review hearing and order setting permanency hearing. **APPEALS DISMISSED.**

Ryan P. Tang of Law Office of Ryan P. Tang, P.C., Cedar Rapids, for appellants fathers.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and William Croghan, Assistant County Attorney, for appellee State.

Robert Davidson, Cedar Rapids, attorney and guardian ad litem for minor children.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VAITHESWARAN, J.**

Four children were removed from their parents' custody and adjudicated in need of assistance based on a finding of physical abuse by the parents. The Department of Human Services subsequently proposed a visitation plan, devised with input from the children's therapist. The plan provided for a gradual transition from fully-supervised visits to unsupervised and overnight interactions between the parents and children.

The parents did not object to the plan. The children's guardian ad litem, who was not in attendance at the family team meeting discussing the plan, did object. The juvenile court considered the arguments for and against the plan and concluded

> any plan to increase contact between the children and their fathers should include an ongoing assessment as to whether the level of risk of harm to the children if in the care of their fathers has been reduced as well as an ongoing evaluation of the impact of increasing visitation on the children's well-being.

The "mandatory review order and order setting permanency hearing" further stated the court would "reconsider approval of the Department of Human Services' plan upon receipt of reports or testimony regarding the fathers' mental health evaluations, ongoing therapy and efforts to improve parenting." The parents appealed the order.

Final orders or judgments are appealable. Iowa R. App. P. 6.101(1). The mandatory review order and order setting permanency hearing is not a final order. *See In re T.R.*, 705 N.W.2d 6, 10 (Iowa 2005) (stating a final order is "one that finally adjudicates the rights of the parties" and stating an order "is not final when the trial court intends to do something further to signify its final adjudication

of the case" and "unless it disposes of all the issues."). By its terms, the order leaves open the possibility of revision, on receipt of additional information. While the parents point out that certain information cited by the juvenile court as unavailable was actually in the court file at the time of the order, other information such as evidence from the parents' individual therapist, had yet to be presented. We conclude the order, like a permanency review order this court considered in *In re S.K.*, No. 10-1628, 2011 WL 662837, at *2 (Iowa Ct. App. Feb. 23, 2011), "essentially maintains the status quo and sets the matter for further review at a later date." The order is not appealable as a matter of right. It is interlocutory. *See* Iowa R. App. P. 6.104(1).

Because the order is interlocutory, permission to appeal must be granted. *Id.*; *In re T.R.,* 705 N.W.2d at 10. We treat the notice of appeal as an application for interlocutory appeal and deny permission to appeal for reasons of judicial economy and efficiency as well as the benefit gained from a more complete record and a more comprehensive ruling. *See* Iowa R. App. P. 6.108 (requiring us to proceed as if the proper form of review had been requested).

**APPEALS DISMISSED.**