# IN THE COURT OF APPEALS OF IOWA

No. 14-2107
Filed February 11, 2015

IN THE INTEREST OF R.W. and C.W.,
     Minor Children,

M.B., Mother,
     Appellant.

_____

Appeal from the Iowa District Court for Scott County, Cheryl Traum, Associate Juvenile Judge.


A mother appeals a child-in-need-of-assistance permanency order. **APPEAL DISMISSED.**


Jack E. Dusthimer, Davenport, for appellant.

Thomas J. Miller, Attorney General, Bruce L. Kempkes, Assistant Attorney General, Michael J. Walton, County Attorney, and Julie A. Walton, Assistant County Attorney, for appellee.

Neill A. Kroeger, LeClaire, attorney and guardian ad litem for minor children.


Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, J.**

A mother appeals the child-in-need-of-assistance (CINA) permanency order, which changed the case plan goal from reunification to the establishment of a guardianship with a family member. The mother claims the court erred in its decision concerning guardianship, and her children should be returned to her care as they are not "imminently likely to suffer harm." The State moved to dismiss the issues surrounding the guardianship claiming the underlying order was not a final appealable order. The State also claims there is sufficient evidence to demonstrate the mother is a danger to the children. We find the underlying order in this case is not a final order and dismiss the appeal.

R.W. and C.W. first came to the attention of the Department of Human Services (DHS) on August 17, 2012 following their mother's arrest for operating while intoxicated and child endangerment without injury. On September 24, 2013, the children were adjudicated CINA pursuant to Iowa Code sections 232.2(6)(b), (c)(1), (c)(2), (g), and (n) (2013). The children were removed from their mother's care and placed with their maternal grandmother. A review hearing was held on March 11, 2014.

A contested permanency hearing was then held on October 9, 2014, and the juvenile court entered its order on December 3. At the permanency hearing, the State requested the children be placed in a guardianship with a family member, as the children's maternal grandmother could not provide long-term care. The State suggested the children's half-brother and his wife, who reside out of state, may be viable guardians for the children. The State noted the need

to conduct a home study before placing the children with the half-brother; procedural issues had delayed the home study. The juvenile court agreed to change the permanency goal to guardianship, but left the children's placement unchanged until the DHS completed the home study of the half-brother. The juvenile court also ceased reunification services for the mother, but left services for the children intact. The mother appeals from this order.

We review permanency orders de novo. *In re K.C.*, 660 N.W.2d 29, 32 (Iowa 2003). The question central to this appeal is whether the juvenile court's order constituted a "final order" for the purposes of appeal. Like appeals from all other orders, the right of appeal depends on whether a juvenile court order is "final." *In re T.R.*, 705 N.W.2d 6, 9 (Iowa 2005). On this point, Iowa Rule of Appellate Procedure 6.103 provides in relevant part:

> (1) "All final orders and judgments of the district court involving the merits or materially affecting the final decision may be appealed to the supreme court . . . .
> . . . .
> (3) No interlocutory order may be appealed until after the final judgment or order is entered . . . .

A final order or judgment is "one that finally adjudicates the rights of the parties, and it must put it beyond the power of the court which made it to place the parties in their original positions. It is a determination which may be enforced by execution or in some similar manner." *T.R.*, 705 N.W.2d at 10. Conversely, "an interlocutory order is one that 'directs an inquiry into a matter of fact preparatory to a final decision.'" *Id.* (citation omitted). "We have long followed the general policy against piecemeal appeals. *Id.*

In its permanency order, the juvenile court cited Iowa Code section 232.104, which governs permanency proceedings, but failed to rule pursuant to one of the four mandatory options in 232.104 (2)(a)–(d). Instead, the juvenile court ruled on some items, (discontinuation of services) and left other items unresolved (the guardianship). We find the juvenile court's ruling fits the definition of an interlocutory order and therefore cannot be heard on appeal. We dismiss the mother's appeal due to the lack of a "final order or judgment" in this case.

**APPEAL DISMISSED.**