# IN THE COURT OF APPEALS OF IOWA

No. 15-1037
Filed September 10, 2015

**IN THE INTEREST OF A.B. and R.B.,**
    **Minor Children,**

**R.B., Mother,**
    Appellant,

**C.B., Father,**
    Appellant.

_____

Appeals from the Iowa District Court for Polk County, Colin Witt, District Associate Judge.


A mother and father both challenge a juvenile court permanency order. **APPEALS DISMISSED.**


Jessica J. Chandler of Chandler Law Offices, Windsor Heights, for appellant-mother.

Bryan J. Tingle, Des Moines, for appellant-father.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, John P. Sarcone, County Attorney, and Jennifer Galloway, Assistant Attorney General, for appellee.

Nicole Garbis Nolan of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.


Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**TABOR, J.**

A mother and father filed petitions on appeal challenging a juvenile court permanency order directing the county attorney to institute proceedings to terminate their parental rights under Iowa Code section 232.104(2)(c) (2015). Both parents argue the juvenile court should have granted an additional six months for them to work toward reunification with their two children as allowed under section 232.104(2)(b). The Department of Human Services (DHS) also supported a six-month extension.[1]

Before addressing the merits of the parents' arguments, we examine whether the appeal is properly before us. The right to appeal depends on the finality of the permanency order. *In re T.R.*, 705 N.W.2d 6, 9 (Iowa 2005). A final order is "one that finally adjudicates the rights of the parties, and it must put it beyond the power of the court which made it to place the parties in their original positions." *Id.* at 10. Where the juvenile court directs the initiation of termination proceedings, finality does not come until after the termination hearing. *See In re W.D. III*, 562 N.W.2d 183, 186 (Iowa 1997); *In re A.C.*, 443 N.W.2d 732, 733 (Iowa Ct. App. 1989). The permanency order also does not place the issues beyond the juvenile court's ability to return the children to the parents' custody or grant additional time to achieve reunification. We conclude the permanency

---

[1] The State initially moved to dismiss the appeal as interlocutory, but later withdrew the motion and filed a statement to the court explaining the ruling being challenged did not adopt the recommendations of the State, and the State did not take action to challenge the ruling on appeal, so accordingly the State did not believe it could take a position in the appeal.

order being challenged is not a final order under Iowa Rule of Appellate Procedure 6.103.

Although the permanency ruling is interlocutory, we have the option to treat the parents' petitions on appeal as if they requested the proper form of review. *See* Iowa Rs. App. P. 6.104(1)(b)(1), 6.108; *see T.R.*, 705 N.W.2d at 10 (leaving open the possibility of granting an application for interlocutory appeal to confer jurisdiction over the case). Our supreme court has advised that interlocutory appeals should rarely be permitted before the juvenile court's disposition of a child welfare case. *W.D.*, 562 N.W.2d at 186. "Refusing to allow such appeals promotes judicial economy and efficiency, waiting for a final order [gives] our court the benefit of the district court's careful consideration of the issue, and permitting piecemeal appeals subjects the child to the uncertainties of litigation." *T.R.*, 705 N.W.2d at 12. We see no reason cited in the petitions on appeal that would justify delaying the progress toward permanency for these children. We decline to grant the interlocutory appeals.

**APPEALS DISMISSED.**