1 P.3d 155

**RITA J., Appellant,**

v.

**ARIZONA DEPARTMENT OF ECO-
NOMIC SECURITY, Abby R., and
Stephanie S., Appellees.**

No. 2 CA—JV 00–0005.

Court of Appeals of Arizona,
Division 2, Department B.

April 18, 2000.

Belinda B. BreMiller, Tucson, Attorney for Appellant.

Janet Napolitano, Arizona Attorney General By Laurie S. Beaver, San Angelo, Tucson, Attorneys for Appellee Arizona Department of Economic Security.

Linda R. Herzog, Tucson, Attorney for Appellees Abby R. and Stephanie S.

*OPINION*

HOWARD, Judge.

¶ 1 In April 1998, the Arizona Department of Economic Security (DES) filed a petition alleging that Abby R. and Stephanie S. were

dependent children as contemplated by A.R.S. § 8–201(11)(a) and (b). The children were adjudicated dependent as to the mother after she agreed not to contest an amended dependency petition in August 1998. The mother appeals from the juvenile court's order of December 30, 1999, entered after a permanency hearing, held pursuant to A.R.S. § 8–862, in which the court found that returning the children to the mother would create a substantial risk of harm to their physical, mental, and emotional well-being and approved concurrent plans for severance of the mother's rights and adoption of the children and reunification of the family. *See* A.R.S. § 8–845(D). Because we find that the order is not appealable, we dismiss the appeal.

¶ 2 Section 8–235(A), A.R.S., provides that "[a]ny aggrieved party in any juvenile court proceeding ... may appeal from a final order of the juvenile court...." *See also* Ariz. R.P. Juv. Ct. 24 (governing filing and processing of appeals) and 25 (notice of appeal shall be filed with clerk of superior court no later than fifteen days after final order is filed with clerk), 17B A.R.S. Neither the rules nor the statute define a final order for purposes of appeal. And, our supreme court has held that, in determining whether an order of a juvenile court is final and appealable under the juvenile court rules, we are not bound by the definition used to determine if an order is final for purposes of our general appellate jurisdiction. *In re Yavapai County Juvenile Action No. J–8545*, 140 Ariz. 10, 13–14, 680 P.2d 146, 149–50 (1984). To decide whether the order entered after a permanency hearing is final and appealable, we refer first to decisions addressing the appealability of orders entered in various other juvenile proceedings.

 ¶ 3 In general, the final order in a delinquency action is the disposition order. *In re Maricopa County Juvenile Action No. J–78151–S*, 119 Ariz. 320, 321, 580 P.2d 781, 782 (App.1978). A disposition is not final for purposes of appeal, however, until any mandatory restitution is awarded. *In re Eric L.*, 189 Ariz. 482, 484, 943 P.2d 842, 844 (App. 1997); *see also In re Alton D.*, 196 Ariz. 195, ¶ 19, 994 P.2d 402, ¶ 19 (2000) (although court

can set reasonable deadline for presentation of restitution claims, claims presented thereafter are barred, and restitution order is final order). In contrast, an order denying a motion to transfer a juvenile for criminal prosecution as an adult is not a final, appealable order because the underlying delinquency proceeding is still pending. *State ex rel. Romley v. Superior Court*, 170 Ariz. 339, 341, 823 P.2d 1347, 1349 (App.1991).

 ¶ 4 Orders declaring a child dependent, reaffirming a finding of dependency, or dismissing a dependency proceeding are final, appealable orders. *Yavapai County No. J–8545*, 140 Ariz. at 14–15, 680 P.2d at 150–51. As our supreme court stated in that case, "[a]n order that disposes of an issue such that it conclusively defines the rights and/or duties of a party in a dependency proceeding in the juvenile court of this state" is a final order subject to appeal. *Id.* at 15, 680 P.2d at 151. Thus, an order in a dependency proceeding terminating a parent's visitation is a final, appealable order because it conclusively defines the parent's visitation rights. *In re Maricopa County Juvenile Action No. JD–5312*, 178 Ariz. 372, 374, 873 P.2d 710, 712 (App.1994). On the other hand, a juvenile court's order moving a child from one foster home to another was found not to be appealable because it did not involve fundamental rights of the natural parents and because foster parents do not have a fundamental right in the placement of foster children. *In re Maricopa County Juvenile Action No. J–57445*, 143 Ariz. 88, 90–92, 691 P.2d 1116, 1118–20 (App.1984). Finally, orders terminating parental rights are final, appealable orders. *See In re Pima County Juvenile Action No. S–933*, 135 Ariz. 278, 280, 660 P.2d 1205, 1207 (1982).

¶ 5 We now turn to the question whether an order entered after a permanency hearing is a final, appealable order for purposes of § 8–235 and Rules 24 and 25, Ariz. R.P. Juv. Ct. The Adoption and Safe Families Act of 1997 (ASFA), Pub.L. No. 105–89, 111 Stat. 2115 (1997), amended subchapter IV parts B and E of the Social Security Act. See 42 U.S.C.A. §§ 673b, 678, and 679b; *In re Lilley*, 719 A.2d 327, 334 n. 5 (Pa.Super.Ct.1998). " 'ASFA establishes unequivo-

cally that the goals for children in the child welfare system are *safety, permanency and well-being.*'" *Lilley*, 719 A.2d at 334 n. 5, *quoting* the Commonwealth of Pennsylvania's Office of Children, Youth and Families advisory bulletin 3130–98–01. ASFA mandates that states implement procedures designed to expedite permanent placement for children in foster care. *Id.* States enacted statutes designed to comply with the requirements of ASFA in order to be eligible for federal child welfare funding [1] and to attain the Act's goals and objectives, which include providing "'an expedited process to find ... children [in temporary placements] permanent homes.'" *Id.* Accordingly, the Arizona legislature enacted A.R.S. §§ 8–861, 8–862, and related statutes to comply with the requirement in ASFA that states enact procedures for securing permanent placement of children in foster care within twelve months of their temporary placement. 1997 Ariz. Sess. Laws, ch. 222, § 52, effective July 1, 1998; amended by 1998 Ariz. Sess. Laws, ch. 276, §§ 34 and 35, and 1999 Ariz. Sess. Laws, ch. 81, § 19.

¶ 6 Section 8–861 governs the initial permanency hearing in dependency proceedings. Subsection A requires the juvenile court to conduct the hearing not more than twelve months after a child has been removed from the parent's or guardian's home. The court must order the child returned to the parent or guardian if it finds by a preponderance of the evidence that returning the child "would not create a substantial risk of harm to the child's physical, mental or emotional health or safety." § 8–861(B). If the child is not returned to the parent or guardian at the initial permanency hearing, the court must order DES to finalize a permanent plan and schedule a permanency hearing pursuant to § 8–862 within 120 days after the initial permanency hearing to determine the most appropriate final plan for the child. § 8–861(C).

¶ 7 Section 8–862 provides as follows:

**1.** Some states already had enacted such provisions before ASFA was enacted. *See, e.g.,* Colo.

**A.** The court shall hold a permanency hearing to determine the future permanent legal status of the child:

1. Within thirty days after the disposition hearing if the court does not order reunification services.

2. In all other cases, at the time scheduled by the court under § 8–861, subsection C.

**B.** At the permanency hearing, the court shall determine whether termination of parental rights, adoption, permanent guardianship pursuant to § 8–872 or some other permanent legal status is the most appropriate plan for the child and shall order the plan to be accomplished within a specified period of time.

**C.** If the court determines that the child should remain in out-of-home placement longer than eighteen months from the date of the permanency order, the court shall conduct a review of the order at least once each year. After reviewing the order, the court may reaffirm the order or direct other disposition of the child.

**D.** If the court determines that the termination of parental rights is clearly in the best interests of the child, the court shall:

1. Order the department or the child's attorney or guardian ad litem to file within ten days after the permanency hearing a motion alleging one or more of the grounds prescribed in § 8–533 for termination of parental rights. The party who files the motion has the burden of presenting evidence at the termination hearing to prove the allegations in the motion.

2. Set a date for an initial hearing on the motion for termination of parental rights within thirty days after the permanency hearing. If the termination is contested at the initial hearing, the court shall set a date for the trial on termination of parental rights within ninety days after the permanency hearing.

**E.** If the court determines that permanent guardianship is clearly in the best interests of the child, the court shall:

Rev.Stat. § 19–3–702 (West Supp.1999).

1. Order the department or the child's attorney or guardian ad litem to file within ten days after the permanency hearing a motion alleging the grounds prescribed in § 8–871 for permanent guardianship. The party who files the motion has the burden of presenting evidence at the hearing to prove the allegations in the motion.

2. Set a date for an initial hearing on the motion for permanent guardianship within thirty days after the permanency hearing. If the permanent guardianship is contested at the initial hearing, the court shall set a date for the trial on the permanent guardianship within ninety days after the permanency hearing.

*See also* Ariz. R.P. Juv. Ct. 16.4 (Permanency Hearings).

¶ 8 The juvenile court must make findings after a permanency hearing that determine the further direction of a dependency action, and the court did so here. We conclude, however, that such an order is not appealable, but rather, is interlocutory in nature. *See In re H.R.,* 883 P.2d 619 (Colo. App.1994); *In re W.D. III,* 562 N.W.2d 183 (Iowa 1997); *see also In re Sarah K.,* 258 Neb. 52, 601 N.W.2d 780, 783 (Neb.1999) (order entered after initial permanency hearing not appealable). An order "is interlocutory if it directs an inquiry into a matter of fact preparatory to a final decision" and is not the final decision in the case. *W.D.,* 562 N.W.2d at 185. Orders entered after a permanency hearing, such as the order in this case, contemplate further proceedings that will determine the ultimate outcome of the case. The outcome remains uncertain, however, until those proceedings are conducted.

¶ 9 We believe an order entered after a permanency hearing is analogous to the denial of a motion to transfer a juvenile for adult criminal prosecution. *State ex rel. Romley.* As in that situation, the underlying proceeding regarding the child is still pending. Permanency orders are perhaps even more analogous to the probable cause findings made in grand jury proceedings in an adult criminal prosecution. The determination of probable cause is essentially merged into any conviction, which must be based on a finding that all elements of an offense have been established beyond a reasonable doubt. *State v. Atwood,* 171 Ariz. 576, 607, 832 P.2d

593, 624 (1992). Thus, challenges to the denial of a motion to remand a case for a new finding of probable cause must be made by a petition for special action. *State v. Murray,* 184 Ariz. 9, 32, 906 P.2d 542, 565 (1995); *see also* Ariz. R.P. Special Actions 1 and 3, 17B A.R.S. Similarly, the findings made after a permanency hearing will be subsumed by a severance proceeding, should one follow, or by some other permanent resolution of the dependency action. Consequently, we conclude orders entered after a permanency planning hearing are not final and appealable.

¶ 10 Even assuming such orders were technically appealable, because of the restrictive time limits imposed by § 8–862, any remedy by appeal could hardly be characterized as equally plain, speedy, or adequate. *See* Ariz. R.P. Special Actions 1. Presumably, parties would be compelled to ask this court to stay a juvenile court's ruling after the permanency hearing, *see* § 8–235(B), in order to avoid having the appeal from the permanency hearing decided, at best, shortly before a severance hearing or, at worst, after a severance order has been entered. In the latter case, the appeal would essentially be rendered moot. Any delays in the proceedings in juvenile court, however, would undermine the primary purpose of ASFA and §§ 8–861 and 8–862: expediting the process of finding permanent placement for children. *See W.D.,* 562 N.W.2d at 185, *quoting In re Long,* 313 N.W.2d 473, 475 (Iowa 1981) (recognizing need for " 'speedy disposition' " of dependency proceedings and noting that finding permanency review hearing appealable " 'could unduly delay a disposition which is essential to the welfare of the child' ").

¶ 11 We find that the order from which this appeal has been taken is not appealable and therefore dismiss the appeal. However, the dismissal shall not prejudice the mother's right to seek special action review of the permanency order.

CONCURRING: PHILIP G. ESPINOSA, Chief Judge, and J. WILLIAM BRAMMER, Jr., Presiding Judge.