IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

ROBERTO F.,
*Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, JIMMY S., TRACIE H., L.F., I.A.,
*Appellees.*

No. CV-14-0256-PR
Filed July 9, 2015

Appeal from the Superior Court in Mohave County
The Honorable Richard Weiss, Judge
No. AD201200034

Opinion of the Court of Appeals, Division One
235 Ariz. 388, 332 P.3d 614 (App. 2014)
**VACATED AND REMANDED**

COUNSEL:

Heather C. Wellborn, Law Offices of Heather C. Wellborn, P.C., Lake Havasu City, Attorney for Roberto F.

Mark Brnovich, Arizona Attorney General, John R. Lopez IV, Solicitor General, Amanda Adams, Assistant Attorney General, Mesa, Attorneys for Department of Child Safety

Michele Holden, Law Office of Michele Holden, P.L.L.C., Kingman, Attorney for Tracie H. and Jimmy S.

JUSTICE TIMMER authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER and JUSTICES BERCH and BRUTINEL joined.

JUSTICE TIMMER, opinion of the Court:

**¶1** We are asked to decide whether Arizona Rule of Procedure for Juvenile Court 103(F) divests the juvenile court of jurisdiction to enter an adoption order during the pendency of a biological parent's appeal from an order terminating his or her parental rights. We hold that it does not.

## BACKGROUND

**¶2** Roberto F. ("Father") is the biological father of L.F. and I.A. In November 2011, the juvenile court terminated his parental rights, and he appealed (the "termination case"). While the appeal was pending, and without providing notice to Father or alerting the court to his pending appeal, the Department of Child Safety ("DCS") petitioned the juvenile court to order the children's adoption by Jimmy S. and Tracie H. (the "adoption case"). The court granted the petition in May 2012 and entered an order of adoption.

**¶3** The court of appeals subsequently vacated the order entered in the termination case. *Roberto F. v. Ariz. Dep't of Econ. Sec.* ("*Roberto I*"), 232 Ariz. 45, 47 ¶ 1, 301 P.3d 211, 213 (App. 2013), *as amended* (June 20, 2013). Father then moved the juvenile court to set aside the adoption pursuant to Arizona Rule of Procedure for the Juvenile Court 85(A) in light of the reversal of the termination of his parental rights in *Roberto I*. The court denied the motion, and Father appealed.

**¶4** Reasoning that Rule 103(F) divests the juvenile court of authority to enter an adoption order pending a biological parent's appeal of a termination-of-rights order, the court of appeals vacated the adoption order as void. *Roberto F. v. Dep't of Child Safety* ("*Roberto II*"), 235 Ariz. 388, 398 ¶ 36, 332 P.3d 614, 624 (App. 2014). The specially concurring judge disagreed with the majority's interpretation of Rule 103(F) but concluded that the juvenile court erred by refusing to set aside the adoption order pursuant to Rule 85(A). *Id.* at 398 ¶ 37, 399 ¶ 41, 332 P.3d at 624–25 (Norris, J., specially concurring).

**¶5** In its petition for review, DCS does not challenge the court of appeals' decision to vacate the adoption order, but argues that the court erroneously reasoned that Rule 103(F) divested the juvenile court of authority to enter the adoption order pending the appeal in the termination case. Father and the adoptive parents agree that the court of appeals misinterpreted Rule 103(F). We granted review to clarify the juvenile

court's authority in adoption cases when a biological parent's appeal of a termination-of-rights order is pending, a matter of statewide importance. We have jurisdiction pursuant to Article 6, Section 5 of the Arizona Constitution.

## DISCUSSION

### A.

¶6        We interpret court rules to effect the drafters' intent. *State v. Salazar-Mercado*, 234 Ariz. 590, 592 ¶ 4, 325 P.3d 996, 998 (2014). If the rule is unambiguous, we apply it as written. *Id.* When the rule uses ambiguous language, we apply secondary principles of construction, such as examining the rule's context, its relationship to related rules, its background, and the consequences of differing interpretations. *Id.*

### B.

¶7        Rule 103(F) provides, in relevant part:

> During the pendency of an appeal, the juvenile court may proceed within its legal authority on an issue remaining before it or newly presented to it to the extent (1) the appellate court has specifically authorized or directed the juvenile court to rule on the issue; (2) the juvenile court's ruling on the issue would be in furtherance of the appeal; (3) applicable statutory law or judicial rule confers continuing jurisdiction on the juvenile court; (4) the juvenile court's ruling on the issue would not legally or practically prevent the appellate court from granting the relief requested on appeal; or (5) the issue arises from a motion to dismiss the appeal filed by the appellant and presented to the juvenile court for ruling at a time before the clerk of the superior court forwards the record to the appellate court pursuant to Rule 105(D).

¶8        The court of appeals concluded that Rule 103(F) "does not limit its restrictive effect to only those issues filed in the appealed case." *Roberto II*, 235 Ariz. at 392 ¶ 14, 332 P.3d at 618. The court determined that the rule's broad references to "juvenile court" and "an issue" mean that Rule 103(F) "divests the entire juvenile division of the superior court from

proceeding on issues presently before that division, or newly presented to it, while an appeal is pending," unless one of the exceptions in the rule applies. *Id.* at 392–93 ¶¶ 15–16, 332 P.3d at 618–19. Reasoning that subsection (F)(4), the only potentially applicable exception, did not apply because an adoption order legally and practically prevented the *Roberto I* court from restoring Father's parental rights, the majority held that Rule 103(F) precluded the juvenile court from entering the adoption order. *Id.* at 393 ¶ 18, 395 ¶ 23, 332 P.3d at 619, 621.

¶9        Although Rule 103(F) does not explicitly limit its application to issues raised in the case on appeal, we agree with Judge Norris that the rule's structure and wording suggest this limitation. *See id.* at 398 ¶ 38, 332 P.3d at 624 (Norris, J., specially concurring). Rule 103 outlines procedures to follow in appeals from juvenile court rulings. By their terms, subsections (A) through (E) and (G) apply to the particular case on appeal. Additionally, language in subsection (F) indicates that the subsection's restrictions on the juvenile court's authority pending an appeal apply only to issues in the case on appeal. Because (F)(1) authorizes the juvenile court to decide an issue when directed to do so by the appellate court, that provision necessarily applies only to the case over which the appellate court has jurisdiction. Other parts of subsection (F) authorize the juvenile court to decide an issue "in furtherance of the appeal" ((F)(2)), as a matter of "continuing jurisdiction" in the case on appeal ((F)(3)), or "aris[ing] from a motion to dismiss the appeal" ((F)(5)). Nothing suggests that subsection (F) applies to or restricts the juvenile court's authority to decide issues in separate, albeit related, cases. That all other parts of Rule 103 apply only to the particular case on appeal strongly suggests that Rule 103(F)(4) likewise applies only to that case.

¶10        Reference to related rules and statutes supports our interpretation of Rule 103(F). Rule 79(A)(3) requires a petition to adopt to state "[w]hether any termination of parental rights proceeding is pending, including any appeal," implicitly recognizing that such petitions may be filed while a termination-of-rights order is pending appeal. Section 8-538(A), A.R.S., provides that a termination-of-rights order is "conclusive and binding on all persons from the date of entry." And Rule 103(B) provides that a juvenile court order "shall not be suspended or the execution thereof stayed pending the appeal" absent an order by the appellate court after it considers the likelihood for reversal and the best interests of the child. *See also* A.R.S. § 8-235(B). Construing Rule 103(F)(4)

as divesting the court of authority to proceed with an adoption would automatically suspend, to a great extent, the effect of a termination-of-rights order, thereby both delaying adoption proceedings and violating A.R.S. § 8-538(A) and Rule 103(B).

¶11          Review of Rule 103(F)'s background reveals that the drafters intended the rule to apply only to the case on appeal.  In 1996, this Court promulgated Rule 103(F), then numbered Rule 24(F), to streamline juvenile appellate procedures.  *See* Petition for Adoption of Amendment to Arizona Rules of Procedure of the Juvenile Court, R-95-0017 (July 7, 1995).  In adopting the rule, the Court commented that "[n]ew Rule [103(F)] would answer the need for a specific delineation of the juvenile court's continuing authority in a juvenile matter while an order generated in that matter is the subject of an appeal."  Order Amending Arizona Rules of Procedure for the Juvenile Court 24–29, App. at 2–3 (Feb. 28, 1996).

¶12          Finally, we are persuaded that Rule 103(F) applies only to the particular case on appeal after considering the consequences of a broader interpretation.  Arizona has complied with the Adoption and Safe Families Act of 1997, 42 U.S.C. §§ 670–679, by enacting procedures to expedite permanent placement of children in foster care or suitable adoptive homes.  *See Rita J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 512, 513–14 ¶ 5, 1 P.3d 155, 156–57 (2000); *see also* A.R.S. § 8-113(D) (requiring expedited hearings on adoption petitions).  Interpreting Rule 103(F)(4) to divest the juvenile court of authority to enter an order of adoption would frustrate that goal. Because Rule 103(B) permits the appellate court to suspend the termination order to prevent an adoption, and Rule 85(A) authorizes the juvenile court to set aside an adoption if a termination-of-rights order is vacated, a biological parent's rights can be accommodated in an appropriate case.

¶13          In sum, Rule 103(F) applies only to the case on appeal. Because no order issued in the adoption case was the subject of the appeal in *Roberto I*, the juvenile court had authority to enter the adoption order. We therefore vacate the court of appeals' opinion in *Roberto II*.

¶14          The remaining issue is whether the juvenile court properly denied Father's motion to set aside the adoption pursuant to Rule 85(A). This issue was not decided by the court of appeals; nor has it been raised in this Court.  We therefore remand this case to the court of appeals to decide the issue in the first instance.

## CONCLUSION

¶15　　　For the foregoing reasons, we vacate the court of appeals' opinion in *Roberto II* and remand the case to that court to address whether the juvenile court erred by denying Father's motion to set aside the adoption order pursuant to Rule 85(A).