NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

KELLY M., *Appellant,*

*v.*

KAREN K., PETER K., B.L., *Appellees.*[1]

No. 1 CA-JV 16-0022
FILED 7-7-2016

Appeal from the Superior Court in Maricopa County
No. JS517828
The Honorable Shellie F. Smith, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Christopher Stavris
*Counsel for Appellant*

Crider Law, PLLC, Mesa
By Bradley J. Crider
*Counsel for Appellees*

---

[1]     We have amended the caption because the juvenile court vested legal custody and financial responsibility of B.L. in Karen and appointed Peter and Karen as guardians.  All parties shall use the amended caption in papers filed in this appeal.

---

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Patricia A. Orozco joined.

---

**K E S S L E R**, Judge:

**¶1**        Kelly M. ("Kelly") appeals the juvenile court's judgment severing her rights to her child, B.L.  Kelly argues that the court erred when it terminated her parental rights for her failure to appear for a pretrial conference and that the court should not have proceeded in her absence. For the following reasons, we affirm the judgment terminating Kelly's parental rights.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        Kelly and K.L. ("Father") are the biological parents of B.L., born in 2008.[2]  Grandparents Peter and Karen took custody of B.L. in February 2013 at the request of Child Protective Services.[3]  Karen, on behalf of herself and Peter, filed petitions for termination of parental rights between B.L. and Father and Kelly on the basis of abandonment.

**¶3**        Kelly appeared and contested the severance filing at the initial hearing.  The juvenile court set a pretrial conference for January 20, 2016, and set a mediation hearing for Kelly regarding dependency for January 13, 2016.  In the initial hearing minute entry, the court confirmed that Kelly could appear by telephone at the pretrial conference, the date and time of the conference, and the telephone number for her to call in.  The minute entry also confirmed that if a party failed to appear for the pretrial conference the failure could be deemed an admission to all the facts in the

---

[2]        Father, whose parental rights were terminated, is not a party to this appeal.

[3]        The division of Child Protective Services of the Arizona Department of Economic Security was subsequently renamed and reorganized as the Department of Child Safety.  *See* S.B. 1001, 51st Leg., 2d Spec. Sess. (Ariz. 2014).

petition and the court could proceed to an adjudication of the ultimate issues.

¶4 Kelly and Father failed to appear at the January 20 pretrial conference. Kelly's counsel appeared and stated she did not know why Kelly failed to appear. The juvenile court proceeded in their absence.

¶5 At the pretrial conference, Karen testified that she had taken care of B.L. since February 2013. She also testified that Kelly moved to California sometime in 2014, without telling Karen and without going to see B.L. before she left. Karen also testified that Kelly had contact with B.L. until July 2014, but did not physically see B.L. from July 2014 to July 2015. She also testified B.L. has since considered Karen and Peter as his parents. Karen further testified she and Peter always allowed Kelly to contact B.L., but they limited the contact to specific times at the request of B.L.'s counselor. She also testified that some form of guardianship or legal custody "would not provide a permanent stable relationship for [B.L.]." Karen thought that severance was in the child's best interest.

¶6 The juvenile court found by clear and convincing evidence that both Father and Kelly had abandoned B.L. The court also found it was in B.L.'s best interest to terminate both parent-child relationships to further Karen and Peter's plans of adoption. Accordingly, the court terminated Father and Kelly's parental rights, and vested legal custody and financial responsibility for B.L. in Karen and appointed Peter and Karen as guardians for B.L.

¶7 Kelly timely appealed from the severance judgment. *See* Ariz. R.P. Juv. Ct. ("Rule") 104(A). While the appeal was pending, Kelly filed a motion for reconsideration to set aside the judgment. Without any attached affidavit, Kelly's counsel asserted that after the severance hearing Kelly had called the counsel to determine what number she should use to call in and telephonically appear. The juvenile court denied the motion and affirmed the severance.

¶8 This Court has jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 8-235(A) (2016), 12-120.21(A)(1) (2016), and -2101(A)(1) (2016).[4]

---

4 We refer to the current version of any statutes unless the statutes were amended after the proceedings below and such amendment would affect the result of the appeal.

## DISCUSSION

**¶9** Kelly argues the juvenile court erred in terminating her parental rights for her failure to appear at the pretrial conference. However, Kelly does not contend the court erred in finding that Kelly had abandoned B.L. and that termination was in B.L.'s best interest. Accordingly, the only issue before us is whether the court erred in proceeding with the severance hearing in Kelly's absence. We review the evidence in the light most favorable to affirming the court's decision and will reverse the decision for an abuse of discretion if the decision was manifestly unreasonable, or based on untenable grounds, or for untenable reasons. *Lashonda M. v. Ariz. Dep't. of Econ. Sec.*, 210 Ariz. 77, 83, ¶ 19 (App. 2005) (quoting *Quigley v. Tucson City Court*, 132 Ariz. 35, 37 (1982)).

**¶10** Kelly argues that she had good cause for failing to appear at the pretrial conference because (1) she attended all previous hearings, (2) she telephoned her counsel at the close of the hearing to retrieve the telephone number to call for the hearing, (3) she was not endorsed on the minute entry from the initial hearing, and (4) the minute entry does not reflect that Kelly was given a Form 3 by the juvenile court.[5]

**¶11** If a court finds that a parent or guardian failed to appear at a termination adjudication hearing without good cause, the court may then proceed with the severance in the absence of the parent and terminate parental rights based on the record and evidence presented to prove the grounds for termination. Rule 66(D)(2). However, the parent or guardian must have had notice of the hearing, must have been properly served, and must have been informed of the consequences of failing to appear, so that a failure to appear may constitute a waiver of rights and an admission to the allegations in the motion for termination. *Id. See also Christy A. v. Ariz. Dep't. of Econ. Sec.*, 217 Ariz. 299, 304, ¶¶ 13-14 (App. 2007) (holding that if a party has proper notice and warning of a failure to appear, and does not show good cause for failing to appear, the court may consider whether such

---

[5] Kelly also argues, citing *Roberto F. v. Dep't. of Child Safety*, 235 Ariz. 388, 395, ¶ 22 (App. 2014), that the juvenile court abused its discretion by taking judicial shortcuts and failing to account for her parental rights to her child when terminating those rights. Her reliance on *Roberto F.* is misplaced because the case was vacated and overruled by the Arizona Supreme Court in *Roberto F. v. Dep't. of Child Safety*, 237 Ariz. 440 (2015).

failure to appear constitutes a "waiver of rights" and may enter a judgment against the parent).

¶12     The affidavit of service reflects Kelly had notice of the initial hearing and was properly served. Specifically, she was served with: (1) the order setting the initial hearing on petition for termination of parent-child relationship, (2) the notice of the initial hearing, and (3) the petition for termination of parent-child relationship. The notice of the initial hearing informed Kelly that: "The failure of a parent to appear at the Initial Hearing, the Pretrial Conference, [and] the Status Conference of the Termination Adjudication Hearing may result in an adjudication terminating the parent-child relationship of that parent. Failure to appear at [the hearings and conferences] without good cause, may result in a finding that the [parent or guardian] has waived legal rights and is deemed to have admitted the allegations in the Petition. The hearings may go forward in the absence of the [parent or guardian] and may result in the termination of parental rights based upon the record and evidence presented." The minute entry from the initial hearing, which Kelly attended, contained a similar warning that her failure to appear at any proceeding could result in her waiving her rights and the court proceeding in her absence.[6] That same minute entry informed Kelly of the date and time of the pretrial conference and the number she should use to call in for the conference.

¶13     At the pretrial conference, the juvenile court found that both parents had prior notice of the conferences and both were advised that their appearance was necessary.

¶14     The record shows, in accordance with Rule 66(D)(2), that Kelly was properly served, had adequate notice of the pretrial conference, and was advised as to the consequences if she failed to appear. Thus, unless Kelly can show that she had good cause for her failure to appear at the pretrial conference, the juvenile court did not abuse its discretion in proceeding in her absence.

¶15     The juvenile court has discretion to determine whether the facts of a case establish good cause. *Ugalde v. Burke*, 204 Ariz. 455, 458, ¶ 10 (App. 2003). To show good cause, the moving party must show that "(1)

---

[6]     The initial hearing was digitally recorded. Kelly has not provided us a transcript from that hearing. Accordingly, we assume that whatever occurred during that hearing supports the juvenile court's decisions. *Adrian E. v. Ariz. Dep't. of Econ. Sec.*, 215 Ariz. 96, 102, ¶ 6 (App. 2007). *See also* ARCAP 11(c)(1).

mistake, inadvertence, surprise or excusable neglect exists and (2) a meritorious defense to the claims exists." *Richas v. Superior Court*, 133 Ariz. 512, 514 (1982). Excusable neglect exists if a reasonably prudent person in the same circumstances would act in the same way. *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 163 (App. 1993). A meritorious defense must be established only by facts and not through conclusions, assumptions, or affidavits based on something other than personal knowledge. *Richas*, 133 Ariz. at 517.

¶16        Kelly argues that she had good cause for her failure to appear because she was not endorsed on the minute entry from the initial severance hearing containing the telephonic appearance phone number. We disagree. Kelly was present at the initial severance hearing, where, absent a transcript from that hearing, we assume the juvenile court told her the dates, times, and phone number to call for the mediation and pretrial conference. At the time of the pretrial conference, Kelly did not appear and her counsel explained to the court that she did not know where Kelly was and why she had not appeared. Thus, the court did not err in proceeding with the hearing in her absence.

¶17        Moreover, while Kelly has not appealed from the order denying her motion to set aside the default, that motion does not entitle Kelly to relief from the severance judgment. At best, it shows Kelly contacted her counsel after the hearing on the day of the pretrial conference to ask for the phone number to call in. Kelly could have contacted her counsel prior to the hearing if she had lost the call-in phone number. A reasonable parent would be diligent in contacting her counsel. *See Ulibarri*, 178 Ariz. at 163. If a client willfully or negligently fails to keep in touch with counsel, the client cannot complain of the court proceeding in her absence. *Hackin v. First Nat. Bank of Ariz., Phoenix,* 5 Ariz. App. 379, 385 (App. 1967). Kelly gave no explanation for her failure to contact her counsel ahead of time. Even if Kelly forgot the phone number to call for a telephonic appearance, mere forgetfulness does not disturb the court's judgment. *Coconino Pulp & Paper Co. v. Marvin*, 83 Ariz. 117, 120 (1957). A failure to contact counsel ahead of time, along with a failure to explain why, constitutes unexplained neglect, which does not qualify as excusable neglect. *Richas*, 133 Ariz. at 515.

¶18        Kelly also argues she had good cause for her failure to appear because the minute entry from the initial severance hearing does not reflect that the juvenile court gave her a Form 3. Pursuant to Rule 65(D)(3), at an initial termination hearing, a court *may* provide the parent with a copy of Form 3, request that the parent sign and return a copy of the Form, and note on the record that the Form was provided. But there is no requirement for

the court to give a Form 3. *Monica C. v. Ariz. Dep't. of Econ. Sec.*, 211 Ariz. 89, 95, ¶ 28 (App. 2005). If an appellant was aware of and took advantage of the rights set forth in Form 3, any failure by the court to provide a Form 3 is not a fundamental error. *Id.* at ¶ 29. The failure to give a parent a Form 3, which explains the risks of nonappearance and of the court proceeding in her absence for failure to appear without good cause, does not require us to vacate the default, provided Kelly had notice of the hearing and the risk of her failure to attend. The notice of the initial hearing on the petition to sever parental rights and the order setting the initial hearing both gave Kelly the same warnings contained in a Form 3. Moreover, because Kelly has not provided us a transcript from the initial hearing, we assume the court repeated those warnings to Kelly during that hearing. *Supra*, n.8.

**¶19** Kelly argues she should not have been defaulted because she attended all previous meetings, either in person or telephonically. Her attendance at previous meetings has no bearing on her failure to attend the pretrial conference.

**¶20** Finally, Kelly has not asserted any meritorious defense. She has not argued that she had a defense to the allegation of abandonment or that severance was not in B.L.'s best interest. She has thus waived any meritorious defense argument on appeal. *Dawson v. Withcombe*, 216 Ariz. 84, 105, ¶ 64 (App. 2007).

**¶21** Karen asks this Court for attorney's fees and costs on appeal. When otherwise authorized by statute, rule, or contract, this Court has discretion to award attorney's fees and costs. ARCAP 21(c). Karen has not cited any authority for her fees request. We exercise our discretion to deny attorney's fees. Pursuant to A.R.S. § 12-341, Karen may recover costs in an amount to be determined following her compliance with Rule 21 of the Arizona Rules of Civil Appellate Procedure.

**CONCLUSION**

¶22        The juvenile court did not err in proceeding in Kelly's absence.  Kelly has shown no good cause for her failure to appear at the pretrial conference or a meritorious defense to the severance petition.  Accordingly, we affirm the severance judgment.



Ruth A. Willingham · Clerk of the Court
FILED : AA