NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DIAMOND H., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, J.H., *Appellees.*

No. 1 CA-JV 18-0163
FILED 11-15-2018

Appeal from the Superior Court in Maricopa County
No. JD31472
JS19297
The Honorable Cari A. Harrison, Judge

**AFFIRMED**

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Christopher Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Lauren J. Lowe
*Counsel for Appellee, Department of Child Safety*

## MEMORANDUM DECISION

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

**C A M P B E L L**, Judge:

**¶1**     Diamond H. ("Mother") appeals the juvenile court's order terminating her parental rights to her son, J.H.[1] On appeal, Mother argues the juvenile court fundamentally erred by admitting hearsay evidence. We conclude no error occurred, and we affirm.

## BACKGROUND

**¶2**     In October 2017, the Department of Child Safety ("DCS") took temporary custody of the child at the time of birth, pursuant to a prior court order. In November 2017, DCS filed a termination petition alleging Mother was unable to discharge parental duties due to mental illness, inability to discharge parental duties due to mental deficiency, and prior termination of parental rights within the preceding two years for the same cause. *See* A.R.S. §§ 8-533(B)(3), (10).

**¶3**     The superior court held a contested termination hearing in March 2018. During the hearing, clinical psychologist Dr. Leibowitz testified about how Mother's mental health affects her parenting ability such that she would not be able to independently care for her child. She opined that Mother possesses a low level of cognitive functioning and has a mood disorder. She testified that Mother's mental health issues manifest in her inability to handle her own financial affairs and in her difficulty reading and writing, making it hard for her to understand basic information contained on food and prescription labels, to balance a checkbook, to manage a budget, or to synthesize written information provided by schools. She also testified Mother lacks the capacity to drive or to arrange her own or her son's transportation needs. After a full evaluation, Dr. Leibowitz concluded that additional services provided by the public mental health system would not sufficiently alter Mother's cognitive abilities, that

---

[1] Although Mother appeals both the dependency and termination order, the dependency order is subsumed by the termination order. *See Rita J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 512, 515, ¶ 9 (App. 2000).

Mother's issues are likely chronic and prolonged, and that a child in Mother's care would suffer significant safety risks. Dr. Leibowitz testified that these opinions were based on her own psychological consultation with Mother, a review of a psychological evaluation conducted by DCS clinical psychologist Dr. Robinson, a review of court reports, and a recent review with the case manager.

¶4        The superior court found DCS had met its burden of proof for two statutory grounds of termination: Mother's mental illness or deficiency and prior termination of parental rights. After finding that termination was in the child's best interests, the court terminated Mother's parental rights.

**DISCUSSION**

¶5        Mother argues the superior court erred by permitting DCS to introduce inadmissible hearsay through Dr. Leibowitz's expert testimony. Because Mother failed to object to this testimony below, we review this issue for fundamental error. *See Ruben M. v. Ariz. Dept. of Econ. Sec.*, 230 Ariz. 236, 239, ¶ 15 (App. 2012). To establish that fundamental error occurred, the moving party bears the burden of establishing that a trial error occurred, and that the error was both fundamental and prejudicial. *State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19-20 (2005); *see also State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018) ("[T]he first step in fundamental error review is determining whether trial error exists.").

¶6        For hearsay evidence to be admissible, the superior court must find that the statement falls under one of the exceptions to the hearsay rule. *See State v. Bass*, 198 Ariz. 571, 577, ¶ 20 (2000). One such exception is Arizona Rule of Evidence 703. Under Rule 703, an expert "may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Those facts or data "need not be admissible for the opinion to be admitted" if "experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject." Ariz. R. Evid. 703. However, the expert may disclose those facts and data "only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." *Id.* Otherwise inadmissible testimony disclosed under this rule may be admitted only "for the limited purpose of showing the basis of the expert's opinion." *State v. Tucker*, 215 Ariz. 298, 315, ¶ 58 (2007).

¶7        Mother does not argue that any specific statements made by Dr. Leibowitz were inadmissible hearsay. Instead, Mother argues generally that references to "court reports, Mother's psychological evaluation

conducted by Dr. Robinson, and a meeting with the case manager" were offered to "prove the truth of the matter asserted." Without question, Dr. Leibowitz disclosed many out-of-court statements and opinions during her testimony. However, Dr. Leibowitz could properly rely upon and testify about those statements "for the limited purpose of showing the basis of" her expert opinion, *Tucker*, 215 Ariz. at 315, ¶ 58, if "their probative value . . . substantially outweighs their prejudicial effect," Ariz. R. Evid. 703.

**¶8**        On review, we find that any disclosures by Dr. Leibowitz were for the limited purpose of showing the bases of her opinion. Dr. Leibowitz testified that she relied on prior court reports, a meeting with the case manager, and Dr. Robinson's psychological evaluation in forming her opinions. Her reliance on the psychological evaluation conducted by Dr. Robinson is reasonable within the field of psychology. *See State v. Lundstrom*, 161 Ariz. 141, 146 (1989) ("One doctor's reliance on the report or opinion of another qualified doctor is practically the paradigm of reasonable reliance."). She also testified that she relied on court reports and met with the case manager to familiarize herself with the case history and developments since DCS involvement began. Dr. Leibowitz specifically explained how each disclosed fact or opinion informed her own expert opinion. Because those facts and opinions were admitted for the limited purpose of showing the basis of Dr. Leibowitz's opinions, she could disclose them during her testimony if their probative value substantially outweighed their prejudicial effect.

**¶9**        The superior court could have reasonably concluded that the out-of-court facts and opinions presented by Dr. Leibowitz had probative value that substantially outweighed their prejudicial effect because they showed how Mother's "conditions adversely affect her day-to-day functioning and parenting ability, so that she would not be able to independently care for her child." *See State v. Meeds*, 244 Ariz. 454, 461, ¶ 17 (App. 2018) (reasoning that the probative value of hearsay evidence that directly supported the expert's opinion reasonably outweighed its prejudicial effect). We conclude there was no error in the superior court's admission of Dr. Leibowitz's testimony. Thus, Mother has not shown that the superior court committed fundamental and prejudicial error. *See Escalante*, 245 Ariz. at 142, ¶ 21.

## CONCLUSION

¶10      For the foregoing reasons, we affirm the superior court's order terminating Mother's parental rights to J.H.



AMY M. WOOD • Clerk of the Court
FILED: AA