NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
### DIVISION ONE

EMERALD M.,
*Appellant,*

v.

DEPARTMENT OF CHILD SAFETY, E.H., N.H.,
*Appellees.*

No. 1 CA-JV 20-0090
FILED 10-6-2020

Appeal from the Superior Court in Yavapai County
No. P1300JD201800059
The Honorable Anna C. Young, Judge

**AFFIRMED**

COUNSEL

Robert D. Rosanelli Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Cathleen E. Fuller
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge D. Steven Williams joined.

---

**W E I N Z W E I G**, Judge:

**¶1**　　　　Emerald M. ("Mother") appeals from the juvenile court's order finding her children dependent and terminating her parental rights. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　This case concerns Mother's parental rights to E.H., born in 2018, and N.H., born in 2019. Mother has four children in all, including S.T., born in 2010, and T.T., born in 2012.[1]

**¶3**　　　　The Department of Child Safety ("DCS") learned of domestic violence between Mother and Father in July 2018 and deemed the reports credible. DCS determined that Mother abused alcohol, was too tired or impaired to care for the children, locked the children in their room, and physically and verbally fought with Father. DCS petitioned the juvenile court to find E.H., S.T. and T.T. dependent. N.H. was not yet born. Mother did not contest that she was unable to meet the children's basic needs, abused alcohol and became violent. All three children were adjudicated dependent. The court dismissed the dependency petitions for S.T. and T.T., who were placed with their biological father.

**¶4**　　　　E.H.'s dependency moved forward. Mother was compliant with random urinalysis testing and completed outpatient substance abuse treatment, individual counseling, anger management classes, parent-skills training and domestic violence counseling. She continued, however, to deflect responsibility for her children's predicament or the dependency generally.

**¶5**　　　　N.H. was born in June 2019. DCS secured temporary custody of N.H. and petitioned to have him found dependent on grounds that Mother's home was unsafe, and she was unable to care for a newborn.

---

[1]　　　Father's parental rights to E.H. and N.H. have also been terminated. He is not party to this appeal.

Around five months later, the court returned E.H. and N.H. to Mother and Father, dismissing the dependency and noting the parents had "remedied the circumstances that caused the children to come into care." Later that day, Mother and Father had a loud party on their front lawn and neighbors called police, warning that children were heard crying inside the house. Mother and Father appeared "heavily intoxicated." Father was arrested for disorderly conduct.

¶6            DCS petitioned the court to simultaneously adjudicate N.H. and E.H. dependent and terminate Mother's parental rights on statutory grounds of neglect and substance abuse. For E.H. alone, DCS added statutory grounds of prior removal and 15 months out-of-home placement. A combined dependency and severance trial was held in February 2020. Mother testified, admitting she drank before the incident, but downplayed her involvement in the altercation. She also pointed to her recent efforts to remove Father from the home and her renewed participation in substance abuse rehabilitation. The DCS case manager testified to concerns during the first dependency that Mother was "simply going through the motions" and "checking . . . the boxes." She opined that Mother cannot "control her impulses or stop using substances" without oversight. A psychologist also testified who evaluated Mother during the first dependency. After learning about the last incident, he called it "fruitless" to offer Mother more services and expressed doubts about whether Mother could ever safely parent again.

¶7            The court adjudicated both children dependent, terminating the parental rights of Mother and Father on various statutory grounds, including neglect, substance abuse, 15 months out-of-home placement and prior removal. Mother timely appeals. We have jurisdiction. *See* A.R.S §§ 8-235(A), 12-2101(A).

## DISCUSSION

¶8            Mother first contends the juvenile court erroneously found E.H. and N.H. dependent. The later termination order, however, mooted the earlier dependency finding, *see Rita J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 512, 515, ¶ 10 (App. 2000), and Mother points to no irregularities in the dependency proceeding.

¶9            Turning to the termination order, Mother contests each ground for termination of her parental rights. To terminate Mother's parental rights, the juvenile court must find clear and convincing evidence to support at least one statutory ground in A.R.S. § 8-533(B), and that

termination is in the child's best interests by a preponderance of the evidence. *Jeffrey P. v. Dep't of Child Safety*, 239 Ariz. 212, 213, ¶ 5 (App. 2016). We will affirm a termination order unless it is clearly erroneous and accept the court's factual findings unless no reasonable evidence supports them. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002).

¶10        Parental rights may be terminated on grounds of chronic substance abuse upon proof that (1) parents have a "history of chronic abuse of dangerous drugs [or] controlled substances," which (2) makes them "unable to discharge parental responsibilities," and (3) "there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period."  A.R.S. § 8-533(B)(3).  "Chronic substance abuse is long-lasting but not necessarily constant substance abuse."  *Jennifer S. v. Dep't of Child Safety*, 240 Ariz. 282, 287, ¶ 17 (App. 2016).

¶11        Mother contends the superior court erroneously terminated her parental rights on substance abuse grounds because the court had dismissed the earlier dependency action and found that Mother "remedied the circumstances that caused the children to come into care."  The court's earlier finding, however, predated the later incident, which precipitated and supported the termination findings.

¶12        Mother also challenges various factual findings.  She argues the juvenile court received "no evidence" that her consumption of alcohol "prevents her from discharging [her] parental responsibilities at any time, including the present or the future."  Yet Mother admitted her history of alcohol abuse, domestic violence and child neglect.  And the psychologist confirmed that Mother's substance abuse issues remain unresolved, pointing to Mother's prompt return to alcohol after dismissal of the first dependency.

¶13        Mother also questions the juvenile court's factual findings for the November 2019 incident, including her level of intoxication.  But we do not reweigh the evidence, *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 151, ¶ 18 (2018), and reasonable evidence supports the court's findings.  *Supra* ¶ 6.  Therefore, we affirm on statutory grounds of substance abuse and need not reach any other grounds.  *See Jesus M.*, 203 Ariz. at 280, ¶ 3 (court may affirm if reasonable evidence supports at least one termination ground).

¶14        The record also supports the juvenile court's finding that termination of Mother's parental rights was in the best interests of E.H. and N.H.  Termination is in a child's best interests if the child "would derive an affirmative benefit from termination or incur a detriment by continuing in

the relationship." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 6 (App. 2004). The juvenile court found both children are adoptable and succeeding in their current placement. *See Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377, ¶ 5 (App. 1998).

## CONCLUSION

**¶15** For those reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA