NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

FIONA T.,
*Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, S.K.,
*Appellees.*

No. 1 CA-JV 20-0325
FILED 3-23-2021

Appeal from the Superior Court in Maricopa County
No. JD37007
The Honorable Lori Bustamante, Judge

**APPEAL DISMISSED**

COUNSEL

Law Office of H. Clark Jones, LLC, Mesa
By H. Clark Jones
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Michael J. Brown joined.

---

**W E I N Z W E I G**, Judge:

¶1        Fiona T. ("Mother") appeals the juvenile court's order denying her request for therapeutic visitation with S.K., her daughter. Because the denial is not a final order, we lack jurisdiction and dismiss the appeal.

### FACTS AND PROCEDURAL BACKGROUND

¶2        In February 2019, the Department of Child Services ("DCS") petitioned the juvenile court to find S.K. dependent as to Mother based on substance and physical abuse. During the pendency of that dependency petition, S.K. was removed from Mother's custody. Starting in May 2019, S.K. refused to visit Mother. At a pretrial conference, the juvenile court advised that therapeutic visits should begin when S.K. was ready to engage in visits.

¶3        More than a year later, Mother petitioned the juvenile court for therapeutic visits with S.K. The juvenile court held an evidentiary hearing and denied Mother's request. This appeal followed.

### DISCUSSION

¶4        This court is one of limited jurisdiction, and we only have the jurisdiction given to us by statute. *Brionna J. v. Dep't of Child Safety*, 247 Ariz. 346, 349, ¶ 7 (App. 2019). As relevant here, "[a]ny aggrieved party in any juvenile court proceeding under [Title 8] may appeal from a final order of the juvenile court to the court of appeals." A.R.S. § 8-235(A). A final order "disposes of an issue such that it conclusively defines the rights and/or duties of a party in a dependency proceeding." *Yavapai Cnty. Juv. Action No. J-8545*, 140 Ariz. 10, 15 (1984).

¶5        The juvenile court's denial of Mother's request for therapeutic visitation is not a final appealable order because it contemplates "further proceedings that will determine the ultimate outcome of the case." *See Lisa K. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 173, 180, ¶ 16 (App. 2012) (quoting

*Rita J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 512, 515, ¶ 8 (App. 2000)).  The juvenile court has not terminated Mother's visitation rights and may revisit the issue of therapeutic visitation once S.K is ready for such visits.

**CONCLUSION**

**¶6** Because the denial of therapeutic visitation is not a final order, we lack jurisdiction, and therefore dismiss this appeal.



AMY M. WOOD • Clerk of the Court
FILED:    AA