**In the Interest of A.C., A Minor Child.**

**Appeal of K.C. and A.C., Parents.**

**No. 88–1814.**

Court of Appeals of Iowa.

May 23, 1989.

H. Edwin Detlie, Ottumwa, for appellant parents.

Thomas J. Miller, Atty. Gen., Charles K. Phillips, Asst. Atty. Gen., and R.T. Starken, Asst. County Atty., for appellee State.

Thomas F. Kintigh of Griffin, Dew & Kintigh, Ottumwa, guardian ad litem, for the child.

Heard by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

Appellant parents appeal a juvenile court order directing the Department of Human Services to prepare a petition for termination of their parental rights. We dismiss the appeal on our own motion. *See In re Marriage of Steenhoek*, 305 N.W.2d 448 (Iowa 1981); *Decatur–Moline Corp. v. Blink*, 283 N.W.2d 347 (Iowa 1979).

We determine the trial court's order that a termination petition be filed is *not* a final appealable judgment. *See* Iowa R.App.P. 1. No application for interlocutory appeal has been filed and we find no reason to consider this case as an interlocutory appeal.

A party may not appeal without a final judgment. *See Rowen v. LeMars Mut. Ins. Co.*, 357 N.W.2d 579, 581 (Iowa 1984); *Knauss v. City of Des Moines*, 357 N.W.2d 573 (1984); *Sulzberger Excavating Inc. v. Glass*, 351 N.W.2d 188, 191 (Iowa App. 1988). The issue of the finality of a juvenile court order was addressed in *In Interest of Long*, 313 N.W.2d 473 (Iowa 1981). In *Long*, 313 N.W.2d at 475, the court looked at Iowa Code section 232.133 [1] which provides in relevant part:

1. An interested party aggrieved by an order or decree of the juvenile court may appeal from the court for review of questions of law or fact.

. . . . .

2. The procedure for such appeals shall be governed by the same provisions applicable to appeals from the district court provided that when such order or decree affects the custody of a child the appeal shall be heard at the earliest practicable time.

---

1. The section examined in relevant part is the same as the current section.

In *Long,* 313 N.W.2d at 475, the court determined the legislature did not intend by enactment of the section an appeal of right could be taken to the supreme court from any and every interlocutory order or decree entered in juvenile court. *See also In Interest of Clay,* 246 N.W.2d 263, 266 (Iowa 1976) (giving the same interpretation to a prior but similar statute). Rather, the court determined section 232.133 provides no special basis for an appeal of right but, as with all other orders, appealability depends on whether the juvenile court order is found to be "final." *Long,* 315 N.W.2d at 473.

A juvenile order is not final unless it disposes of the issue. *See Long,* 313 N.W.2d at 476. *See also In re Maricopa County, Juvenile Action,* No. J–74222, 20 Ariz.App. 570, 571, 514 P.2d 741, 742 (1973). The judge only directed a petition be filed. Such an order did not dispose of an issue and has no finality. Speedy disposition is crucial in CHINA cases. If a bare order telling the department to file a petition is "final," an appeal could unduly delay the termination which is essential to the welfare of the child. *Long,* 313 N.W.2d at 476. Additionally, a multiplicity of appeals will be avoided by holding the dispositional order is not subject to appeal. *Id.*

Finally, an appeal may be avoided entirely by holding the order is not "final." If the juvenile court were not to order termination, the parent would not appeal. *Id.* Additionally, it would further the goal of judicial economy, as well as the goal of making disposition as prompt as possible for the benefit of the child. *Id.* This conclusion is consistent with previous Iowa case law on the subject of appealable orders. *Id.*

The Iowa court has said a final judgment is one that puts the case out of court and which may be enforced by execution or in some other appropriate manner. *In re Estate of Swanson,* 239 Iowa 294, 305, 31 N.W.2d 385, 391 (1948). This criteria is not met in this case. An order is interlocutory if it directs an inquiry into a matter of fact preparatory to a final decision. *Williams v. Bourne,* 248 Iowa 189, 194, 79 N.W.2d 751, 754 (1956). Because the juvenile court ordered the filing of a petition prior to a final hearing on termination, it would appear to be interlocutory under the stated rule. *See Long,* 313 N.W.2d at 476.

Furthermore, the direction to file a termination petition contemplated a subsequent hearing would be held. A ruling is not final when the trial court intends to do something further to signify its final adjudication of the case. *In re Marriage of McCreary,* 276 N.W.2d 399, 400 (Iowa 1979); *Flynn v. Lucas County Memorial Hospital,* 203 N.W.2d 613, 614–15 (Iowa 1973).

APPEAL DISMISSED.