In the Interest of W.D. III and M.D., Minor Children, K.W., Mother, Appellant.

No. 96–1324.

Supreme Court of Iowa.

April 23, 1997.

Cynthia Z. Taylor of Zamora, Taylor & Walters, Davenport, for appellant.

Thomas J. Miller, Attorney General, Diane Stahle, Special Assistant Attorney General, Maureen McGuire, Assistant Attorney General, and Gerda Lane, Assistant County Attorney, for appellee State.

Terri Willits, Davenport, guardian ad litem for minor children.

Considered by HARRIS, P.J., and LARSON, NEUMAN, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

K.W., mother of two children, appeals a juvenile court order directing the State to file a petition to terminate her parental rights. The question before us is whether this is a final ruling appealable as a matter of right or an appeal from an interlocutory ruling, for which permission to appeal must be granted pursuant to Iowa Rules of Appellate Procedure 1(c) and 2. We conclude such an order is not a final, appealable judgment. We also decline to grant interlocutory appeal. Therefore, we dismiss the appeal.

## I. *Background Facts and Proceedings.*

K.W. is the mother of W.D. III, age eight, and M.D., age six. K.W. is mentally retarded and has been receiving services from the Iowa Department of Human Services (DHS) since 1982. Both children are developmentally delayed, particularly W.D., who has significant problems and requires a tremendous amount of supervision. In December 1993, the juvenile court adjudicated W.D. and M.D. as children in need of assistance (CINA), pursuant to Iowa Code sections 232.2(6)(c)(2), 232.2(6)(g), and 232.2(6)(n) (1993). The court stated that the basis for the adjudication was

> the mother's inability to provide appropriate care and supervision for the children due to her own low functioning and the special needs of the children, including development delays and, for [W.D.] who does not verbalize, is physically aggressive, abusive, and encopretic.

Following a January 1994 dispositional hearing, the juvenile court placed W.D. in the custody of DHS for placement in foster care. M.D. remained in the custody of K.W., subject to DHS supervision. The court held review hearings in July 1994 and January 1995, with no change in the children's placement.

In June 1995, K.W. was hospitalized for psychiatric care. K.W. left M.D. in the care of his maternal grandparents (K.W.'s parents), who are both chronically mentally ill. DHS filed an application for the temporary removal of M.D. The court granted the application and placed M.D. in foster care. Following a hearing, the court issued a temporary placement order, keeping M.D. in foster care under the custody of DHS.

Review hearings were held in July 1995 and January 1996, with both children remaining in foster care. In June 1996, a permanency review hearing was held. The court again ordered the children to remain in foster care. The court also ordered the county attorney or attorney for the children to file a petition to terminate K.W.'s parental rights. *See* Iowa Code §§ 232.102(8), 232.104(2)(c). It is from this last order that K.W. appeals.

## II. *Appeal from Juvenile Court Permanency Order.*

The sole issue in this case is whether the juvenile court's order, directing the State to initiate termination proceedings by filing a petition, is a final judgment that may be appealed as of right, or is interlocutory and requires permission to appeal. K.W. argues that the language of Iowa Rule of Appellate Procedure 1(a) allows her to appeal the juvenile court's permanency order. She claims the order could be considered a final judgment and, therefore, she should not have to obtain permission to appeal. Citing *In re A.C.*, 443 N.W.2d 732 (Iowa App.1989), the State argues that the order to file a termination petition is not a final judgment; rath-

er, the juvenile court order is interlocutory and not appealable as a matter of right. We agree with the State.

■ Iowa Code section 232.133 governs appeals from juvenile court orders. It provides in relevant part:

1. An interested party aggrieved by an order or decree of the juvenile court may appeal from the court for review of questions of law or fact....

2. The procedure for such appeals shall be governed by the same provisions applicable to appeals from the district court provided that when such order or decree affects the custody of a child the appeal shall be heard at the earliest practicable time.

Iowa Code § 232.133. The statute provides no special basis for an appeal as a matter of right. As with all other orders, appealability depends on whether a juvenile court order is found to be "final." *In re Long,* 313 N.W.2d 473, 475 (Iowa 1981); *A.C.,* 443 N.W.2d at 733. Iowa Rule of Appellate Procedure 1 provides:

(a) All final judgments and decisions of the district court ..., involving the merits or materially affecting the final decision, may be appealed to the Supreme Court, except as provided in this rule....

(b) No interlocutory ruling or decision may be appealed except as provided in rule 2, Rules of Appellate Procedure, until after the final judgment or order....

(c) If an appeal to the supreme court is improvidently taken because the order from which appeal is taken is interlocutory, this alone shall not be ground for dismissal. The papers upon which the appeal was taken shall be regarded and acted upon as an application for interlocutory appeal under rule 2, Rules of Appellate Procedure, as if duly presented to the supreme court at the time the appeal was taken.

Iowa R.App. P. 1.

■ As the rule states, a party may appeal as of right from any final order or judgment. Iowa R.App. P. 1(a); *Rowen v. LeMars Mut. Ins. Co.,* 357 N.W.2d 579, 581 (Iowa 1984). However, if a ruling or decision is interlocutory, we lack jurisdiction unless permission to appeal is granted. *See* Iowa R.App. P. 2; *Rowen,* 357 N.W.2d at 581. An interlocutory order is "one that is not finally decisive of the case." *Williams v. Bourne,* 248 Iowa 189, 194, 79 N.W.2d 751, 754 (1956). In other words, an order is interlocutory if it directs an inquiry into a matter of fact preparatory to a final decision. *In re C.S.,* 516 N.W.2d 851, 857 (Iowa 1994).

In *C.S.,* we held that a ruling is not final if the court intends to do something further to signify its final adjudication of the case, and that *"a juvenile court order is not final unless it disposes of all the issues." Id.* (emphasis added). In *Rowen,* we stated that even though it is not always clear whether an order is final, "ordinarily a final judgment conclusively adjudicates all of the rights of the parties." *Rowen,* 357 N.W.2d at 581.

In *Long,* we considered whether a predispositional order of adjudication in a juvenile proceeding was "final" and thus appealable of right under Iowa Rule of Appellate Procedure 1(a). *Long,* 313 N.W.2d at 475. We held it was not, stating a number of reasons for such a conclusion:

[W]e believe that speedy disposition is crucial in [CINA] cases. If a bare adjudication order were "final," an appeal could unduly delay a disposition which is essential to the welfare of the child.

A multiplicity of appeals may be avoided by holding that the dispositional order is the only "final" order subject to appeal....

An appeal may be avoided entirely by holding that only the dispositional order is a "final," appealable order.... If the juvenile court were to order [that the child remain with the parent], the parent would probably have little desire or incentive to appeal. Thus, a requirement that appeals in [CINA] cases be taken only from dispositional orders would further the goal of judicial economy, as well as the goal of making disposition as prompt as possible for the benefit of the child.

The conclusion that a [CINA] adjudication without a disposition is not a "final" order would be consistent with previous Iowa case law on the subject of appealable

orders. This court has said that a final judgment is one that puts the case out of court and which may be enforced by execution or in some other appropriate manner. *Id.* at 476 (citations omitted). We also held that, "when a ruling specifically provides for subsequent entry of a final order, the ruling itself is not a final judgment or decision." *Id.* at 476–77. We concluded that an order of adjudication in a CINA case, unaccompanied by a disposition, is not a final order within the meaning of Iowa Rule of Appellate Procedure 1(a). *Id.* at 477.

In 1989, the Iowa Court of Appeals dealt with the precise issue in this case. In *A.C.*, a juvenile court order directed the DHS to prepare a petition for termination of parental rights. *A.C.*, 443 N.W.2d at 732. The parents appealed that order. *Id.* The court held that the trial court's order to file a termination petition was not a final, appealable judgment. *Id.* In addition to considering the arguments set forth in *Long*, the court also noted that the judge merely directed a petition to be filed. Such an order did not dispose of any issue and had no finality. *Id.* at 733. The court concluded the order was interlocutory because it came before a final hearing on the issue of termination of parental rights. *Id.*

 Based on these cases, it is clear the juvenile court order is not a final, appealable judgment. The order did not dispose of all the issues in this case, and it did not conclusively adjudicate the rights of the parties. In fact, there can be no disposition and "final" order until after the termination hearing. Therefore, K.W.'s appeal is from an interlocutory ruling, for which permission to appeal must be granted pursuant to Iowa Rules of Appellate Procedure 1(c) and 2.

Iowa Rule of Appellate Procedure 1(c) provides that if a party improperly attempts an appeal as of right from an order that is determined to be interlocutory, the papers in those cases can be treated as the application for interlocutory appeal. *Rowen*, 357 N.W.2d at 581. K.W. argues we should treat her appeal as an application for interlocutory appeal and address the issue raised in the appeal.

We have been very reluctant to allow interlocutory appeals in this manner. In *Rowen*, we stated that "no party should take an appeal as of right from an interlocutory order in the hope it will be saved from dismissal by application of rule 1(c)." *Id.* Likewise, in *Long*, we concluded:

> now that we have made it clear to the bench and bar that an order of adjudication alone is not a final order, we shall be extremely reluctant to grant an interlocutory appeal from such an order.

*Long*, 313 N.W.2d at 477. We agree with our prior cases that, based on the clear language of the case law, interlocutory appeals should rarely be permitted prior to a juvenile court's disposition. In *A.C.*, a case identical to ours, the Iowa Court of Appeals found no reason to consider the parents' appeal as an interlocutory appeal. *A.C.*, 443 N.W.2d at 732. Likewise, we decline to grant interlocutory appeal.

**APPEAL DISMISSED.**