# IN THE COURT OF APPEALS OF IOWA

No. 18-0228
Filed June 6, 2018

**IN THE INTEREST OF A.P.,**
**Minor Child,**

**G.D. and L.D.,**
    Appellants-Intervenors.

_____

Appeal from the Iowa District Court for Polk County, Louise M. Jacobs, District Associate Judge.

Intervenors appeal from the juvenile court's order denying a motion to modify placement. **ORDERS AFFIRMED IN PART AND VACATED IN PART.**

Jami J. Hagemeier of Williams & Hagemeier, P.L.C., Des Moines, for appellants.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Lynn M. Vogan of Youth Law Center, Des Moines, guardian ad litem for minor child.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

This appeal arises out of a proceeding to terminate parental rights initiated pursuant to Iowa Code chapter 232 (2017). The juvenile court terminated the father's parental rights in his child, A.P. (born 2016), transferred guardianship of the child to the Iowa Department of Human Services (IDHS), and directed IDHS to place the child in the care of a specific foster family. Neither the father nor the mother (now deceased) appeal. Instead, intervenors Greg and Lisa appeal from the juvenile court's order denying their motion to modify placement and have A.P. placed with them. On appeal, they contend, among other things, the juvenile court lacked the authority to direct placement of the child contrary to IDHS's expressed preference.

IDHS has been involved with this family since the birth of the child. The underlying facts and circumstances giving rise to removal and termination of the father's parental rights are largely immaterial to the intervenors' appeal. In short, the child was born with the presence of methamphetamine and oxycodone in her system and has special medical needs caused by her exposure to drugs in utero. IDHS removed her from the family shortly after birth. The mother was addicted to drugs and deceased during the pendency of the case. The father was in prison at the time of the child's birth. Upon his release, the father engaged in services for a fleeting moment before absconding to avoid arrest on a new warrant. Greg, the father's stepbrother, and Greg's wife, Lisa, became involved in A.P.'s life after this case was initiated but prior to the termination of the father's parental rights. Greg and Lisa exercised weekly visitation with A.P., attended her medical appointments, and advocated for changes to improve her health.

Greg and Lisa filed a motion to intervene and modify placement of the child on September 5, 2017. The juvenile court granted the motion to intervene. The juvenile court held a bifurcated hearing on termination of the father's parental rights and placement of the child on October 20 and 26. At the placement hearing, a caseworker from IDHS stated the department was advocating for placement of the child with Greg and Lisa. An order terminating the father's parental rights was issued on November 30, 2017. The order transferred guardianship of A.P. to IDHS but did not make a determination on placement. A subsequent order concluded:

> the child shall remain in the care of the foster parents and the interveners request for placement of the child in their care is denied . . . It is further ordered that [the] court will retain oversight over issues regarding the placement of [A.P.] and any change in placement must be brought to the attention of the court before made.

Greg and Lisa filed a motion to reconsider, which was denied on January 24, 2018. At that time, the juvenile court dismissed Greg and Lisa as intervenors.

Prior to addressing the merits of the appeal, we first address our jurisdiction over the appeal. Here, the final order terminating the father's parental rights was entered on November 30, 2017. *See In re W.D., III*, 562 N.W.2d 183, 186 (Iowa 1997) (noting the termination order was a final order). No appeal was taken from that order. The orders at issue in this appeal are subsequent orders regarding guardianship and custody post-termination. Although a final, appealable order was already issued with respect to the termination decision, our case law provides a right to appeal from these subsequent orders as well. *See In re B.B.M.*, 514 N.W.2d 425, 427 (Iowa 1994) (resolving appeal from guardianship and custody proceedings post-termination); *In re C.L.C.*, 479 N.W.2d 340, 344–45 (Iowa Ct. App. 1991) ("[The intervenors] never desired to intervene on the issue of whether

to terminate the parental rights of the children's natural parents. Rather, they seek to be heard on the issue of guardianship and custody of the child[]. The fact that temporary placement of the child should be done as near as contemporaneously as possible to the time in which the parental rights are terminated does not transform a proceeding to terminate parental rights into a final judgment on the matter of guardianship and custody."). Because Greg and Lisa "only desire to be heard on the issue of guardianship and custody, a matter over which the court still has jurisdiction," their appeal is proper. *See B.B.M.*, 514 N.W.2d at 427; *see also* Iowa Code § 232.118(1) ("[T]he court having jurisdiction of the child may, after notice to the parties and a hearing, remove a court-appointed guardian and appoint a guardian."). We proceed to the merits.

Greg and Lisa contend the juvenile court was without the authority to appoint IDHS guardian of the child at issue and direct the placement of the child to a particular foster family rather than with Greg and Lisa. The guardian ad litem argues Greg and Lisa lack standing to challenge the juvenile court's order. We disagree. This court has recognized "that persons qualifying as suitable persons at the time of the court's determination under sections 232.117(3) . . . have a legal right to be considered as guardians and custodians of children following the termination of the parental rights." *See C.L.C.*, 479 N.W.2d at 343. Here, Greg is the father's step-brother. The juvenile court granted Greg and Lisa's motion to intervene and allowed them to exercise visitation with the child over the life of the case. Under the circumstances, they had and have standing as suitable persons to be considered as guardians and custodians.

On the merits, Greg and Lisa contend the juvenile court lacked the authority to grant guardianship of the child to IDHS but simultaneously control physical placement of the child. The State supports Greg and Lisa's legal position. The State filed a statement with this court noting such "orders are inconsistent in spirt and execution" of the controlling law. The relevant statutory authority supports Greg and Lisa's position. The relevant authority is set forth in section 232.117(3). The provision provides:

> If the court concludes that facts sufficient to sustain the petition have been established by clear and convincing evidence, the court may order parental rights terminated. If the court terminates the parental rights of the child's parents, the court shall transfer the guardianship and custody of the child to one of the following:
> a. The department of human services.
> b. A child-placing agency or other suitable private agency, facility or institution which is licensed or otherwise authorized by law to receive and provide care for the child.
> c. A parent who does not have physical care of the child, other relative, or other suitable person.

Iowa Code § 232.117(3). The statute grants the juvenile court the authority to transfer guardianship and custody to "one" of the identified persons or agencies. There is not statutory authority to transfer guardianship to one person or agency and custody to another person or agency. The relevant case law supports Greg and Lisa's position. The relevant case is *In re E.G.*, 738 N.W.2d 653, 656–67 (Iowa Ct. App. 2007). In that case, this court rejected the juvenile court's attempt to place the child with a specific person, determining such placement was within the authority of the guardian, IDHS. *See id.* We have reached the same conclusion in similar cases. *See, e.g., In re X.O.*, No. 16-0313, 2016 WL 2743445, at *3 (Iowa Ct. App. May 11, 2016); *In re D.H.*, No. 10-1313, 2010 WL 4484849, at

*5 (Iowa Ct. App. Nov. 10, 2010); *In re E.G.*, 745 N.W.2d 741, 742 (Iowa Ct. App. 2007).

In light of the State's concession and these controlling authorities, we agree the juvenile court erred. In this case, the juvenile court transferred guardianship and custody of the child to IDHS. *See* Iowa Code § 232.117(3) (providing, upon the termination of parental rights, the court "shall transfer the guardianship and custody of the child to one of the following: . . . a. The department of human services"). Once the guardianship of the child was transferred to IDHS, it was IDHS's duty "as guardian" to determine the custody of the child. *See E.G.*, 738 N.W.2d at 657. While the juvenile court's findings regarding the merits of the placement decision were discerning, the juvenile court nonetheless erred in directing the physical custody of the child be placed with specific persons and not with others; this was a determination within the province of the child's guardian, IDHS, subject to the juvenile court's supervisory authority. *See id.*

Next, we must address Greg and Lisa's separate request they be appointed the guardians of the child. Again, the guardianship decision, but not the specific placement determination, is the court's province. Under this framework, we deny Greg and Lisa's request to be appointed guardians. The juvenile court made strong findings, all supported by record evidence, why the child should not be placed in their care over the foster family. Specifically, Greg and Lisa manipulated the medical evidence and unfairly maligned the performance of the foster family in providing care—all under the intense supervision of a team of doctors—to a child with significant medical conditions. We adopt these findings as our own. Those same findings apply with equal force to the guardianship decision.

For these reasons, we affirm the juvenile court's orders transferring guardianship and custody of A.P. to IDHS. We vacate the juvenile court's orders directing the specific placement of the child with the foster family. The placement of the child is to be determined by the guardian subject to the juvenile court's supervisory authority.

**ORDERS AFFIRMED IN PART AND VACATED IN PART.**