# IN THE COURT OF APPEALS OF IOWA

No. 19-0240
Filed June 5, 2019

**IN THE INTEREST OF J.C. and O.C.,**
**Minor Children,**

**J.C., Father,**
        Appellant.
_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

A father appeals the juvenile court's decision to waive the department of human services' obligation to make reasonable efforts towards reunification. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Christine E. Branstad of Branstad & Olson Law Office, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Charles K. Phillips, Assistant Attorney General, for appellee State.

Nicole Garbis Nolan of Youth Law Center, Des Moines, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Three children were removed from parental custody after a state trooper saw them in the bed of a pickup truck driven by their father, who appeared to be under the influence of drugs. The children were adjudicated in need of assistance.

The children's attorney and guardian ad litem filed a motion to waive the department of human services' obligation to make reasonable efforts towards reunification. *See generally In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000) (explaining the obligation and a statutory amendment permitting waiver of the obligation). The attorney cited a prior juvenile court action involving the parents of these children and their abuse of drugs and asserted there were aggravated circumstances warranting the waiver under Iowa Code section 232.104(14)(b) (2018). The department resisted the motion. In written argument to the court, counsel for the department asserted, "The Department does not believe services would be futile in this case" and the risk of termination of parental rights if reasonable efforts were waived is not a risk that should be taken "at this juncture," given the children's needs and interests, as well as those of the father. Following an evidentiary hearing, the juvenile court waived the reasonable-efforts obligation.

The father filed a petition for interlocutory appeal. The Iowa Supreme Court concluded the question of whether the appealed order was final would be determined with the appeal. The appeal was transferred to the court of appeals for disposition.

The father argues the juvenile court abused its discretion in waiving reasonable efforts. He also asks for bifurcation of the role of the children's attorney, who also serves as guardian ad litem.

### *I.      Finality of Order Waiving Reasonable Efforts Obligation*

Preliminary, we address the supreme court's inquiry "whether the dispositional order waiving reasonable efforts is a final order appealable as a matter of right or an interlocutory order."

Iowa Code section 232.133(1) states in part: "An interested party aggrieved by an order or decree of the juvenile court may appeal from the court for review of questions of law or fact." "The statute provides no special basis for an appeal as a matter of right. As with all other orders, appealability depends on whether a juvenile court order is found to be 'final.'" *In re W.D.*, 562 N.W.2d 183, 185 (Iowa 1997). "[A]n appealable order in a juvenile case is one that disposes of all issues, including disposition." *In re Long*, 313 N.W.2d 473, 476 (Iowa 1981). A child-in-need-of-assistance adjudication without a disposition is not a final order. *Id.* at 477; *see also In re C.S.*, 516 N.W.2d 851, 857 (Iowa 1994) (concluding contingent order expressing intent to do something further was not a final order).

In this case, the order waiving the department's obligation to make reasonable efforts was contained in a dispositional order. Based on *Long*, we conclude the dispositional order was final and appealable.

We recognize the father only seeks review of that portion of the dispositional order waiving the State's obligation to make reasonable reunification efforts; he does not seek review of the court's placement decision. But in our view, the waiver decision was an independent final decision because, under the provision on which the child's attorney relied, an order waiving the reasonable efforts obligation triggers termination. *See* Iowa Code § 232.111(2)(a)(2) (requiring county attorney to file termination petition where "[a] court has determined aggravated

circumstances exist and has waived the requirement for making reasonable efforts under section 232.102 because the court has found the circumstances described in section 232.116, subsection 1, paragraph 'i', are applicable to the child"). For all practical purposes, waiver under this provision precludes the parents from reunifying with the child.

Our conclusion is bolstered by the supreme court's recent statement concerning the scope of the reasonable-efforts obligation. In *In re L.T.*, 924 N.W.2d 521, 530 (Iowa 2019), the court explained the department's "reasonable efforts obligation continues until either a final written termination order or a waiver by the juvenile court." The court also characterized the obligation "as a part of [the State's] ultimate proof." *L.T.*, 924 N.W.2d at 528. It follows, then, that a waiver of the obligation effectively satisfies the State's burden of proof on a key element of many if not most of the statutory termination provisions. *See C.B.*, 611 N.W.2d at 493.

Assuming we are incorrect on the finality of the order waiving reasonable efforts and its appealability as a matter of right when it is contained within a dispositional order and is based on section 232.104(14)(b), we alternatively conclude the ruling is of sufficient import that the father's request for interlocutory appeal should be granted. Specifically, the "welfare of the child[ren] . . . is at stake here" and "it is desirable that an early and final resolution of this matter be made without the delay that would be occasioned by our rejection of this appeal." *Long*, 313 N.W.2d at 477. We turn to the merits.

## II.     *Waiver of Reasonable-Efforts Requirement*

"'[R]easonable efforts' means the efforts made to preserve and unify a family prior to the out-of-home placement of a child in foster care or to eliminate the need for removal of the child or make it possible for the child to safely return to the family's home."  Iowa Code § 232.102(12)(a).  The court may waive the reasonable-efforts requirement "[i]f the court determines by clear and convincing evidence that aggravated circumstances exist, with written findings of fact based upon evidence in the record."  *Id.* § 232.102(14).  "The existence of aggravated circumstances is indicated by" one of several statutory circumstances.  *Id.*

The juvenile court correctly noted that the statutory list of circumstances warranting waiver is not exclusive.  But the child's attorney only relied on section 232.104(14)(b).  That provision requires a court finding that "the circumstances described in section 232.116, subsection 1, paragraph 'i', are applicable to the child."  *Id.* § 232.102(14)(b).  Section 232.116(1)(i), in turn, requires a court finding that all of the following have occurred:

> (1) The child meets the definition of child in need of assistance based on a finding of physical or sexual abuse or neglect as a result of the acts or omissions of one or both parents.
> (2) There is clear and convincing evidence that the abuse or neglect posed a significant risk to the life of the child or constituted imminent danger to the child.
> (3) There is clear and convincing evidence that the offer or receipt of services would not correct the conditions which led to the abuse or neglect of the child within a reasonable period of time.

The children in this case were not adjudicated in need of assistance based on "a finding of physical or sexual abuse or neglect."  *See id.* § 232.2(6)(b) (defining a child in need of assistance as a child "[w]hose parent, guardian, other custodian, or other member of the household in which the child resides has physically abused

or neglected the child, or is imminently likely to abuse or neglect the child"). They also were not adjudicated under section 232.2(6)(d) (defining a child in need of assistance as a child "[w]ho has been, or is imminently likely to be, sexually abused by the child's parent, guardian, custodian, or other member of the household in which the child resides"). They were adjudicated under subsection (c)(2), which refers to "the failure of the child's parent, guardian, custodian, or other member of the household in which the child resides to exercise a reasonable degree of care in supervising the child." They also were adjudicated under subsection (n), which refers to a child "[w]hose parent's or guardian's mental capacity or condition, imprisonment, or drug or alcohol abuse results in the child not receiving adequate care." Neither is a finding of abuse or neglect. *See In re J.S.*, 846 N.W.2d 36, 41 (Iowa 2014) (stating "'physical abuse or neglect' and 'abuse or neglect' are terms of art in this context" and "mean 'any nonaccidental physical injury suffered by a child as the result of the acts or omissions of the child's parent, guardian, or custodian or other person legally responsible for the child.'"). The absence of a finding of abuse or neglect precludes a finding of aggravated circumstances under section 232.102(14)(b) and precludes waiver of the reasonable-efforts obligation.

The evidentiary record also supports the department's position that waiver of the reasonable-efforts requirement was not warranted. The department case manager recommended ongoing services for the father because he was "genuinely trying to work through things." She stated she had good communication with him and the communication continued to improve the more she worked on the case.

On our de novo review, we conclude the department's obligation to make reasonable reunification efforts should not have been waived. We reverse the portion of the dispositional order granting the children's waiver motion and remand for reinstatement of reasonable reunification services and further proceedings consistent with this opinion.

### III.     *Bifurcation of Role of Children's Attorney*

The father summarily argues that the court should not have declined his request to bifurcate the roles of the children's attorney and guardian ad litem. *See In re T.P.*, 757 N.W.2d 267, 274 (Iowa Ct. App. 2008) (stating an attorney and a guardian ad litem have differing duties). He premises the argument on the court's waiver of the reasonable-efforts obligation. The father's concerns are resolved through our reversal of that portion of the dispositional order, and we find it unnecessary to also reverse the juvenile court's denial of his request for bifurcation.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**